### In re the COURT OF the COMMISSIONER OF PATENTS FOR the REPUBLIC OF SOUTH AFRICA.

### In the Matter between SELAS CORPORATION OF AMERICA

v.

### The ELECTRIC FURNACE COMPANY.

### Misc. No. 80–591.

United States District Court,
E. D. Pennsylvania.

Sept. 16, 1980.

Alexis Barron, Philadelphia, Pa., for movant.

Frank J. Earnheart, Dresher, Pa., for Selas Corp. of America.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The Electric Furnace Company ["Opponent"] invokes 28 U.S.C. § 1782 (1976) ("Assistance to foreign and international tribunals and to litigants before such tribunals") in requesting an order directing Selas Corporation of America ["Applicant"] to give testimony and produce documents relating to a case pending in the Republic of South Africa.

Applicant is an American corporation doing business in Dresher, Pennsylvania. For several years it has been involved in litigation regarding the issuance of a South African patent for a furnace equipped with electric devices that control the movement and temperature of heated metal in such a way as to minimize waste. Opponent (so—called because of his designation in the pending patent proceedings) is a party to that litigation, averring in that case *inter alia* that Applicant's invention is not patentable. Opponent contends that certain documents held in Applicant's Dresher establishment are relevant to the issue being tried next month in the Court of the Commissioner of Patents for the Republic of South Africa. The statute, which Opponent claims entitles it to an order from this Court, 28 U.S.C. § 1782, states in relevant part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or *upon the application of any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the prac-

tice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege. [emphasis added]

The statute empowers this Court to order discovery in this case, and that Opponent, as an "interested person" may properly apply for such an order. It is, however, equally clear from the legislative history of this statute that this is an inappropriate case for such an exercise of apparently broad discretion.

Section 1782 was amended in 1964 in order "to improve practices of international cooperation in litigation." S.Rep.No.1580, 88th Cong., 2d Sess., *reprinted in* 1964 U.S. Code Cong. & Admin.News, p. 3782. "In fact, Congress intended by its 1964 amendments to Section 1782 to enable the United States to take the initiative in rendering assistance [to foreign courts], thus hopefully stimulating reciprocal aid." *In Re Request for Judicial Assistance from Seoul,* 428 F.Supp. 109, 112 (N.D.Cal.1977), *aff'd* 555 F.2d 720 (9th Cir. 1977).

In contrast to the usual circumstances concerning letters rogatory, the requesting party in this case is a litigant in a foreign action. While this in no way derogates from his right to petition this Court for such a request, it does complicate analysis of this Court's appropriate exercise of discretion. If the purpose of the act enabling this Court to grant such a request is, as stated, for the improvement of international cooperation, and if, as it appears, Congress expects the district courts to grant

requests that will spur a reciprocity of cooperation, then this Court must act with special regard for the South African Commissioner of Patents, who is not represented here.[1]

 It is of great concern to this Court that counsel for Opponent have not been able to represent to this Court that the documents and testimony for which Opponents request a discovery order are discoverable under South African law. Indeed, discussions with counsel lead this Court to suspect that these materials would *not* be available through South African procedures. Clearly, this Court should not by its exercise of the discretion allowed it under section 1782 allow litigants to circumvent the restrictions imposed on discovery by foreign tribunals. Few actions could more significantly impede the development of international cooperation among courts than if the courts of the United States operated to give litigants in foreign cases processes of law to which they were not entitled in the appropriate foreign tribunals.

This Court is fully willing to act in order to expedite the litigation at hand. An appropriate order might be one directing Applicant to deliver its documents to its counsel in South Africa, thus bringing the sought material within the jurisdiction of the South African court. Counsel for Opponent has decided not to request such an order, however, so this Court is not required to consider the appropriate bounds of its authority in that regard.

---

1. Clearly, if, as in the usual case of letters rogatory, the foreign tribunal were represented here, the task of this Court would be very much simpler. Were that the situation, and the foreign tribunal could instruct this Court as to its law, this Court would not hesitate to order discovery consistent with South African law. *See* Memorandum of the Secretary of State, February 3, 1976 to Chiefs of Foreign Missions, Washington.