**JOHN DEERE LIMITED, et al.**

v.

**SPERRY CORPORATION.**

Misc. No. 83–0686.

United States District Court, E.D. Pennsylvania.

Nov. 16, 1983.

---

Anthony S. Volpe, Philadelphia, Pa., for plaintiff.

Michael J. Mangan, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

KELLY, District Judge.

This matter arises out of a patent infringement action now pending in the Trial Division of the Federal Court of Canada between Sperry, the plaintiff, and John Deere Limited and Deere & Company, the defendants (*Sperry Corp. v. John Deere Limited, et al.,* Action No. T–95–79). Sperry and Deere are both major farm equipment manufacturers and have been engaged for approximately 15 years in both American and Canadian courts in litigation surrounding Sperry's claimed patents in a harvesting machine that it developed. The American litigation, *Deere & Co. v. Sperry Rand Corp.,* Civil Action F–306 (E.D.Cal. filed June 3, 1969), allegedly involving the identical invention as that now before the Canadian Court, resulted in a full trial on the merits in which the plaintiff, Deere prevailed. 322 F.Supp. 397. The Canadian case has been pending for almost five years and is now on the eve of trial.

Upon application of John Deere Ltd. ("Applicant") an order was entered [1] pursuant to 28 U.S.C. § 1782 directing Sperry Corporation ("Respondent") and its employees,[2] Horace G. McCarty and Emmett F. Glass to produce documents and things and/or to give depositions upon oral examination for use in the action pending in Canada.[2] The prospective deponents are American citizens residing in this district, who are neither parties to the Canadian proceeding nor willing to submit to depositions there. Mr. McCarty and Mr. Glass gave depositions during the American litigation, appeared as witnesses at trial and were cross-examined. Affidavit of Joseph A. Brown In Support of Sperry Corporation's Motion to Vacate the Order Issued Pursuant to 28 U.S.C. § 1782 at 2.

Section 1782, which empowers district courts to grant assistance in aid of foreign and international litigation, provides in pertinent part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be

---

1. The Order issued by the Court on September 29, 1983 was entered conditionally and permitted Sperry Corporation ten (10) days to respond or otherwise plead.

2. Mr. McCarty is the President and Chief Executive Officer of Sperry New Holland, the farm equipment division of Sperry. Mr. Glass, and Mr. McCarty are the co-inventors of the harvesting machine which is the subject of the patent dispute.

714

produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

In examining the language of the statute and its legislative history, three dominant considerations emerge. First, the use of permissive, as opposed to mandatory, language in the provision makes it clear that there is no automatic right to a section 1782 order. Instead, section 1782 grants the district courts broad discretion to issue, or decline to issue, a discovery order. *In re Court of Commissioner of Patents for Republic of South Africa,* 88 F.R.D. 75, 77 (E.D.Pa.1980) (Newcomer, J.).

Secondly, the Court's exercise of discretion is heavily weighted by public policy considerations. The legislative history of Section 1782 mentions some of the factors that may influence a court's exercise of discretion. Among other things, "... the court may take into account the nature and attitudes of the government of the country from which the request emanates and the character of the proceedings in that country...." S.Rep. No. 1580, 88th Cong., 2d Sess. reprinted in 1964 U.S.Code Cong. & Ad.News 3782, 3788. The Court may also consider the identity of the litigants in the foreign proceedings and the person making the request. Smit, "International Litigation Under the United States Code," 65 Colum.L.Rev. 1015, 1029 (1965). Taken together, these factors suggest that the Court's decision to issue a Section 1782 order will depend on the individual facts of each case.

Finally, in addition to providing the procedural device by which United States Federal Courts can render assistance to foreign tribunals, section 1782 was also clearly intended to stimulate reciprocity.

Section 1782 was amended in 1964 in order to 'to improve practices of international cooperation in litigation.' S.Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S.Code Cong. & Admin.News, p. 3782. 'In fact, Congress intended by its 1964 amendments to Section 1782 to enable the United States to take the initiative in rendering assistance [to foreign courts], thus hopefully stimulating reciprocal aid.' *In re Request for Judicial Assistance from Seoul,* 428 F.Supp. 109, 112 (N.D.Cal.1977), aff'd. 555 F.2d 720 (9th Cir.1977).

*In Re Court of Com'r of Patents,* 88 F.R.D. at 77.

Bearing these considerations in mind I have determined that continuing the section 1782 order is not warranted. Such an order would not enhance the reciprocity interests inherent in the statute, nor the public policy considerations at stake. Canadian law appears to preclude the use of letters rogatory, since Canadian courts will not honor letters rogatory issued by foreign tribunals. *See Xerox of Canada, Ltd. v. IBM Canada, Ltd.,* 1971, 24 C.P.R.(2d) 175. Nor does it appear that under Canadian rules of evidence the discovery sought will be admissible at trial.

Therefore, at a minimum, further discovery in this matter would be burdensome to the Respondent, Sperry and quite possibly duplicative of material discovered during the earlier American litigation. At worst, the continuance of the section 1782 order would represent an unwelcome intrusion into the judicial processes of a foreign tribunal.[3] As Judge Newcomer stated in *In Re Court of Com'r of Patents,* under circumstances nearly identical to the instant matter:

Clearly, this Court should not by its exercise of the discretion allowed it under section 1782 allow litigants to circumvent the restrictions imposed on discovery by

3. Deere's assertion that a section 1782 order is "in complete harmony with Canadian law as set forth in *Sternson Ltd. v. C.C. Chemicals, Ltd.,* [1981] 58 C.P.R.(2d) 145" is, in the Court's view, not an entirely accurate reading of the case cited. In *Sternson,* the Canadian Federal Court of Appeals ruled that the district court had, in effect, abused its discretion in enjoining a party before it from seeking a section 1782 order from a U.S. federal court. The court noted that "the examination conducted abroad will, of course, have no status under [Canadian Evidence] Rule 465. That does not mean, however, that it would be illegitimate to conduct it." *Id.* at 153.

foreign tribunals. Few actions could more significantly impede the development of international cooperation among courts than if the courts of the United States operated to give litigants in foreign cases processes of law to which they were not entitled in the appropriate foreign tribunals.

In addition, Applicants in this case, while providing the Court an abundance of documentation, have failed to advance any persuasive argument of an equitable nature which would tip the courts exercise of discretion in its favor.

For the foregoing reasons, Sperry's Motion to Vacate is GRANTED. Inasmuch as the Court has not found it necessary in resolving this matter to rely upon affidavits of Mr. McClellan attached to Sperry's Reply Memorandum, Deere's Motion to Strike Sperry's Reply Memorandum is hereby DENIED.