**In re Application of MICROSOFT CORPORATION, Applicant.**

**No. M19–104.**

United States District Court,
S.D. New York.

April 20, 2006.

## ORDER AND DECISION GRANTING MOTIONS TO QUASH SUBPOENAS AND VACATING PRIOR ORDER

McMAHON, District Judge.

On March 3, 2006, Microsoft Corporation ("Microsoft") served International Business Machines Corporation ("IBM"), Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") (counsel to several of Microsoft's competitors in European antitrust matters), and Mr. Maurits Dolmans, Esq. (a partner in Cleary Gottlieb's Brussels office) (collectively, "Respondents") with subpoenas duces tecum in connection with an ongoing antitrust proceeding before the European Commission ("the Commission"). Respondents move to quash the subpoenas pursuant to 28 U.S.C. § 1782.

For the reasons discussed below, Respondents' motions to quash are granted and the Court's March 3, 2006, *ex parte* Order granting Microsoft's application is vacated.

### *Factual and Procedural Background*
#### *The Commission's 2004 Decision*

In 1998, the European Commission, the executive and administrative organ of the European Communities, acting through the Commission's Directorate–General for Competition ("DG–Competition"), the European Union's primary antitrust enforcer, began a preliminary investigation of Microsoft for anti-competitive and abusive behavior by the dominant market entity in the PC operating systems market.

The Commission concluded, in an opinion entered on March 24, 2004, that Microsoft infringed European antitrust law by abusing its dominant position in certain computer software markets ("the 2004 Decision").[1] Specifically, the Commission found, *inter alia*, that Microsoft refused to provide interoperability information necessary for those selling server operating systems to compete on a level playing field with Microsoft's server operating systems. *See* Commission Letter,

---

1. The 2004 Decision is subject to review by the Court of First Instance and the European Court of Justice. Microsoft's appeal to the Court of First Instance is scheduled to be heard on April 24–30, 2006.

9/3/2006 ("Commission Letter"), at ¶ 12. The Commission imposed a fine on Microsoft and ordered it to remedy the violation by supplying interoperability information to interested undertakings on reasonable and non-discriminatory terms and by offering a fully-functioning version of its Windows PC operating system which does not incorporate Windows Media Player. *See id.* at ¶ 13.

The 2004 Decision also provided for the establishment of a monitoring mechanism, including a Monitoring Trustee, whose role is to provide advice to the Commission on Microsoft's compliance. *Id.* On July 28, 2005, the Commission adopted a decision setting forth procedures for the Trustee to follow, which include seeking out information from third parties, and inviting Microsoft to propose candidates for the position. *Id.* at ¶ 14. On October 4, 2005, the Commission selected (from Microsoft's shortlist) Professor Neil Barrett, a British computer science expert, to serve as Trustee. *Id.*

*The Commission's Pending Statement of Objections*

Based in part on reports submitted by the Monitoring Trustee and the Commission's technical advisors, OTR, indicating that Microsoft was not in compliance with the 2004 Decision, the Commission took proceedings against Microsoft to enforce compliance. On November 10, 2005, the Commission threatened to impose a penalty of EUR two million a day starting on December 15, 2005, and continuing until Microsoft complied with the requirements of the 2004 Decision. *Id.* at ¶ 16. On December 21, 2005, the Commission issued a Statement of Objections ("SO") charging that Microsoft still had not complied with its obligations to supply complete and accurate interoperability information.[2] *Id.* at

¶ 17. The SO did not address any other issues related to the 2004 Decision. A hearing on the Commission's SO was held on March 30–31, 2006. *Id.*

In anticipation of the SO hearing, Microsoft requested access to all documents identified in the annex to the SO, including all documents exchanged between the Commission and OTR or the Monitoring Trustee. *Id.* at ¶ 18. Additionally, by a letter dated January 30, 2006, Microsoft requested access to documents in the Commission's file pertaining to correspondence between "the Commission on the one hand and ... Sun, Oracle, IBM, and Novell on the other ..." *Id.* While the Hearing Officer concluded that the first set of requested documents constituted "internal" Commission documents, and thus were inaccessible to Microsoft, the second set of requested documents (to they extent they relate to the issues addressed in the SO) were provided to Microsoft, following waivers of confidentiality by IBM and other third parties. *Id.* at ¶ 19.

*Microsoft's Additional Discovery Requests*

On March 2, 2006, Microsoft made an application to the Commission for further discovery, including "any material submitted by its adversaries to the Trustee and OTR," even if such documents are not in the Commission's file. *Id.* at ¶ 20. This request is currently pending before the Hearing Officer, who has asked the Trustee and OTR "to disclose and transmit to the Commission any documents they have directly, without the Commission's knowledge, received from third parties or Microsoft in carrying out their duties as well as any minutes they have taken as regards communications with third parties or Microsoft." *Id.* at ¶ 21. On March 24, 2006,

---

2. A Statement of Objections is the Commission's explanation of its preliminary conclusion that the addressee may have broken European competition laws or failed to comply with a decision of the Commission.

Microsoft received a letter from the Hearing Officer indicating that its discovery requests were still under review, and emphasizing that, "Microsoft will be provided with non-confidential versions [of the requested documents] as soon as the Commission receives them ... [should they be] indispensable for Microsoft's defence." *See* Letter from Hearing Officer, 3/24/2006.

On March 3, 2006–*one* day after requesting the same documents from the Commission–Microsoft filed an *ex parte* application in this Court, pursuant to 28 U.S.C. § 1782, seeking permission to serve subpoenas duces tecum on IBM, Cleary Gottlieb, and Mr. Maurits Dolmans, Esq.[3] The Court granted Microsoft's application by Order dated March 3, 2006, and Microsoft served the subpoenas on Respondents the same day. The subpoenas directed Respondents to produce, *inter alia*, documents and testimony concerning communications with third parties, and documents relating to any potential violation by Microsoft of European competition laws. *See* IBM Ex. 9.

On March 17, 2006, Microsoft sent an email to IBM, Cleary Gottlieb and Mr. Dolmans, stating that it would be "willing to limit its request" to the following:

[A]ll documents constituting or summarizing communications between Respondents on the one hand and the Commission, OTR, the Monitoring Trustee or any other expert hired by the Commission on the other concerning Microsoft's compliance or alleged non-compliance with the Commission's 2004 decision.

IBM Ex. 10. In its Memorandum in Opposition to Respondents' Motion to Quash Subpoenas Duces Tecum (submitted after Respondents filed their motions to quash on the basis of the broader request), Microsoft purported to narrow its subpoenas even further, to include:

[A]ll documents constituting or summarizing communications between any of the respondents and either the European Commission [ ] itself or any experts retained by the Commission concerning Microsoft's alleged non-compliance with the portion of the Commission's 2004 decision relating to the disclosure of so-called interoperability information between Microsoft's Windows client and server operating systems and non-Microsoft server operating systems.

*See* Opp. Brief at 1.

*The Commission's Response to Microsoft's Application*

On March 9, 2006, upon learning of the instant application, the Commission (through DG–Competition) wrote a letter to IBM's counsel strongly opposing Microsoft's application, and stating that, should it be deemed necessary and appropriate, the Commission would like to seek leave to intervene as *amicus curiae* in this matter. The letter states, "It came as a surprise to [DG–Competition] that Microsoft decided to turn to a U.S. court for assistance under 28 U.S.C. § 1782 in order to gain access to documents which it had one day before sought to obtain from the Commission and on the disclosure of which a proceeding is currently pending before the Commission's Hearing Officer." Commission Letter at

**3.** On the same day, Microsoft also filed similar applications for discovery from Sun Microsystems, Inc. ("Sun") and its counsel, and Oracle Corporation ("Oracle") and its counsel in the United States District Court for the Northern District of California, and from Novell and its counsel in the District of Massa-

chusetts. On March 29, 2006, the United States District Court for the Northern District of California granted Sun's (and their counsel's) and Oracle's (and their counsel's) motions to quash Microsoft's subpoenas. *See In re Application of Microsoft Corp.*, 2006 WL 825250 (N.D.Cal. Mar.29, 2006).

¶ 22. The letter also asserts that Microsoft's "rights of defence" in relation to the SO are adequately protected by the European rules on access to file, and that the present application "is not objectively necessary but rather an attempt to circumvent the established rules on access to file in proceedings before the Commission." *Id.* at ¶ 23.

On March 21, 2006, Respondents moved to quash Microsoft's subpoenas. Microsoft opposes the motion.

## Discussion

Microsoft claims that the requested documents may be helpful in defending against the SO, which was based in large part on the recommendations of the Trustee and OTR. In particular, Microsoft hopes to discredit the reports on which the Commission relied by demonstrating that they "were in whole or in part the result of efforts by IBM, a fierce Microsoft competitor, or its agents to 'educate' the Monitoring Trustee or OTR and persuade them that Microsoft had not complied with the 2004 Decision." (Opp. Brief at 18). The SO hearing, at which Microsoft initially intended to submit any relevant documents obtained from Respondents, has already occurred. However, Microsoft pursues its discovery requests, maintaining that it is permitted to submit supplemental evidence to the Commission in its defense.

Respondents oppose Microsoft's discovery request under § 1782 and recent case law interpreting the statute.

28 U.S.C. § 1782 provides, in relevant part:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal ... The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person .... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure ... A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

■ Pursuant to § 1782, a district court is authorized to assist a foreign or international tribunal or a litigant before such a tribunal by ordering discovery where (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or "any interested person." *Schmitz v. Bernstein, Liebhard & Lifshitz, LLP,* 376 F.3d 79, 83 (2d Cir.2004) (quoting *In re Esses,* 101 F.3d 873, 875 (2d Cir.1996) (per curiam)).

■ However, a district court is not required to grant a § 1782 discovery application simply because it has the authority to do so. *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004). "Once the statutory requirements are met, a district court is free to grant discovery in its discretion." *Id.* (quoting *In re Metallgesellschaft AG,* 121 F.3d 77, 78 (2d Cir.1997).

The Supreme Court recently identified the following four factors to assist district courts in determining whether to grant § 1782 applications:

(1) Whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid;

(2) The nature of the foreign tribunal, the character of the proceedings un-

derway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;

(3) Whether the § 1782 request conceals a attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and

(4) Whether the subpoena contains unduly intrusive or burdensome requests.

*Intel,* 542 U.S. at 264–65, 124 S.Ct. 2466. Moreover, "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts ...'" *Schmitz,* 376 F.3d at 84 (quoting *In re Metallgesellschaft,* 121 F.3d at 79).

## A. *Statutory Requirements*

Respondents IBM and Cleary Gottlieb do not dispute that the three threshold requirements are satisfied with respect to them. First, both reside or are found in this District. Second, Microsoft's requested discovery is intended for use in a proceeding before a foreign tribunal. As the Supreme Court recognized in *Intel,* to the extent the European Commission acts as a first-instance decision-maker, as it does in the antitrust proceeding against Microsoft, it qualifies as a "foreign tribunal" within the meaning of § 1782. *Intel,* 542 U.S. at 258, 124 S.Ct. 2466. Third, Microsoft, which faces substantial fines by the Commission for antitrust violations, is an "interested person" under § 1782.

■ Mr. Dolmans, on the other hand, contends that § 1782 is inapplicable to him, as he neither resides in nor has been found in this District. While Mr. Dolmans is a partner at Cleary Gottlieb (a New York firm) and a member of the New York bar, he is a Dutch national who resides in Brussels and works full time in Cleary Gottlieb's Brussels office. *See* Dolmans Decl. at ¶ 1–4. Accordingly, he does not "reside" in the Southern District of New York. Moreover, Mr. Dolmans has not been present in this District since the subpoenas were issued and has not been personally served here. *See* Conza Decl. at ¶ 4–6. Therefore, he is not "found" here. *See In re Edelman,* 295 F.3d 171, 180 (2d Cir.2002). Because the first statutory requirement is not met with respect to Mr. Dolmans, Microsoft's subpoena issued to Mr. Dolmans must be quashed.[4]

## B. *Discretionary Factors*

■ The remaining Respondents, IBM and Cleary Gottlieb, correctly argue that all four of the discretionary factors outlined in *Intel* weigh against Microsoft's discovery request and in favor of their motions to quash.

### 1. *The Commission Is Or Will Be In Possession Of The Documents Sought*

The first factor weighs against granting discovery where the person from whom discovery is sought is a participant in the foreign proceeding. As the *Intel* Court recognized, "A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce the evidence." *Intel,* 542 U.S. at 264, 124 S.Ct. 2466. In contrast, "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the

---

**4.** Even if Mr. Dolmans were "found" in the District, he could not be compelled to appear for deposition because he is outside the 100- mile territorial limitation. *See* Fed.R.Civ.P. 45(b)(2).

United States, may be unobtainable absent § 1782(a) aid." *Id.*

While IBM and Cleary Gottlieb are not "participants," *per se,* in the underlying antitrust proceeding, all of the documents sought by Microsoft are within the Commission's reach. In response to Microsoft's March 2, 2006, application to the Commission for further discovery, the Hearing Officer requested from the Trustee and OTR all documents not already in the Commission file, including "any documents they have directly, without the Commission's knowledge, received from third parties . . . in carrying out their duties as well as any minutes they have taken as regarding communications with third parties . . ." Commission Letter at ¶ 21. All of the documents responsive to Microsoft's subpoenas (in their most recent incarnation) are encompassed in Microsoft's request to the Commission. Accordingly, the Commission has (or will have) possession of all of the documents that Microsoft seeks to discover, whether or not they were originally part of the Commission file.

That Microsoft must request the documents from the Commission, as opposed to requesting them directly from IBM and Cleary Gottlieb, is irrelevant. The relevant inquiry is whether the evidence is available to the foreign tribunal. In this case, it is. Thus, § 1782 aid is both unnecessary and improper.[5]

### 2. *The Commission Opposes § 1782 Aid*

█ The second factor cuts sharply against Microsoft's discovery request. According to *Intel,* a district court presented with a discovery request under § 1782 should consider the "receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel,* 542 U.S. at 264, 124 S.Ct. 2466. Granting discovery in the face of opposition from the foreign tribunal would undermine the spirit and purpose of the statute by discouraging that and other foreign tribunals from "heeding similar sovereignty concerns posited by our governmental authorities to foreign courts." *See In re Schmitz,* 259 F.Supp.2d 294, 298 (S.D.N.Y.2003); *see also Schmitz,* 376 F.3d at 85. Indeed, Microsoft has not cited, and this Court has not found, a single case where a court has granted § 1782 discovery in the face of express objection by the foreign court where the underlying proceeding is pending.

In this case, the Commission has explicitly stated that it opposes the discovery sought by Microsoft and is not receptive to U.S. judicial assistance. Specifically, DG–Competition asserts, on behalf of the Commission, that Microsoft's request is "unduly intrusive and totally at odds with the European rules on access to file," that disclosure of the requested documents is "apt to seriously harm the Commission's investigation process and circumvent the European rules on access to file," and that Microsoft's application is "not objectively necessary" since Microsoft's "rights to defence" are properly protected by European access to file rules. Commission Letter at ¶¶ 23, 25, 27. For this reason alone, Respondents' motion to quash should be granted.[6]

---

**5.** Furthermore, § 1782 does not authorize discovery of documents held abroad. *See Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada,* 384 F.Supp.2d 45, 53 (D.D.C.). Therefore, to the extent Microsoft seeks documents located outside of the United States which, according to Cleary Gottlieb and Mr. Dol-

mans, includes all relevant documents they may have they are not discoverable under § 1782.

**6.** Microsoft's argument that neither the Court of First Instance nor the European Court of Justice have expressed opposition to § 1782

### 3. *Microsoft Seeks To Circumvent The Commission's Access To File Rules*

The third *Intel* factor likewise weighs heavily against Microsoft's discovery request. Microsoft's § 1782 application constitutes a blatant end-run around "foreign proof-gathering restrictions or other policies of a foreign country." *See Intel*, 542 U.S. at 264, 124 S.Ct. 2466. Significantly, the Commission itself recognized that Microsoft's subpoenas are "not objectively necessary but rather an attempt to circumvent the established rules on access to file in proceedings before the Commission." Commission Letter at ¶ 23.

The Commission's rules governing access to documents "guarantee the application of the principle of equality of arms and the protection of the rights of defence in proceedings before the Commission." *Id.* at ¶ 6. Pursuant to these rules, defendants in Commission proceedings are provided access to "all documents making up the Commission file, with the exception of internal documents, business secrets or other undertakings, or other confidential information after a Statement of Objections has been addressed to them." *Id.* at ¶ 7. Access under these rules is limited to those documents "which relate to the objections raised by the Commission." *Id.* at ¶ 8.

Microsoft would like the Court to believe that it has been denied the vast majority of documents upon which the Commission relied in issuing the SO. However, Microsoft has in fact received all communications between the Commission and third parties in the Commission's file relating to the SO. *Id.* at ¶ 20. Not only has Microsoft obtained all non-confidential, non-"internal" Commission documents relevant to the SO, but it also has availed itself of the Commission's procedures to gain access to confidential documents exchanged between the Commission and third parties, through waivers of confidentiality from its third party competitors. *Id.* at ¶ 19.

Nonetheless, Microsoft requested additional discovery from the Commission, including "any material submitted by its adversaries to the Trustee and OTR." *Id.* at ¶ 20. This request is currently *sub judice* before the Commission. If and when the Hearing Officer determines that the requested information is relevant to the SO and that Microsoft should be granted access to such confidential information, Microsoft will be provided with the documents. If the Hearing Officer provides Microsoft with the requested documents, then Microsoft's § 1782 application is moot. If the Hearing Officer concludes that the production of these documents is inappropriate under the Commission's rules, however, enforcement of Microsoft's subpoenas would constitute a clear circumvention of the Commission's procedures which the Supreme Court expressly prohibited in *Intel*.

■ Through its current application, Microsoft attempts to divest the Commission of jurisdiction over this matter and replace a European decision with one by this Court. However, a decision by this Court which would either preempt or contradict a decision by the Commission would render the Commission's proceedings meaningless and undermine the Commission's rules on confidentiality, which carefully balance the need for third party cooperation against the need to preserve a defendant's rights to defense. Moreover, a decision by this Court upholding Microsoft's discovery request would contravene the purpose of § 1782 by pitting this Court against the Commission, rather than fos-

---

aid is of no moment, as the proceeding at issue is pending before the Commission, not

either of those appellate tribunals.

tering cooperation between them, and would violate established principles of comity, under which "United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries." *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir.1997) (citations omitted). In short, § 1782 was not intended- and Microsoft cannot invoke it as a vehicle to avoid or appeal an unfavorable discovery decision by the Commission.

### 4. The Microsoft Subpoenas Are Unduly Intrusive And Burdensome

Finally, the fourth factor weighs against Microsoft's discovery request. While Microsoft has significantly narrowed its request to include only documents related to the SO, its discovery request remains unduly intrusive and burdensome in that it seeks documents that may be protected as confidential by the Commission's rules on access to file and that are privileged under U.S. law.

 Pursuant to § 1782, "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). However, Microsoft's narrowed request explicitly seeks attorney notes summarizing communications with the Commission, the Trustee and OTR. Assuming such documents exist, they are protected by the work-product doctrine, as are documents reflecting an attorney's mental impressions related to the underlying antitrust matter. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Accordingly, such documents are not discoverable under § 1782, which "expressly shields privileged material." *Intel*, 542 U.S. at 259, 124 S.Ct. 2466.

Moreover, the Court of First Instance recently emphasized, "[T]hird-party undertakings which submit documents to the Commission in the course of its investigations and consider that reprisals might be taken against them as a result can do so only if they know that account will be taken of their request for confidentiality." Case T–210/01, *Gen. Elec. Co. v. Comm'n*, ¶ 650 (Dec. 14, 2005). Enforcement of Microsoft's subpoenas would both undermine the Commission's ability to enforce European antitrust law by discouraging cooperation by third parties, and potentially harm Respondents and their clients.

### Conclusion

For the foregoing reasons, Respondents' motions to quash Microsoft's subpoenas are granted, and the Court's March 3, 2006, *ex parte* Order granting Microsoft's application is vacated.

This constitutes the order and decision of the Court.

The hearing on Respondents' motions to quash, scheduled for Tuesday, April 25, 2006, is cancelled.