**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3982
_____

HERAEUS KULZER GMBH
Appellant

v.

ESSCHEM, INC.,

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(No. 09-MC-00017)
District Judge:  Honorable Cynthia M. Rufe

_____

Argued:  May 11, 2010
_____

Before: BARRY, ROTH, <u>Circuit Judges</u> and HAYDEN,[*] <u>District Judge</u>

(Opinion Filed: July 28, 2010)
_____

Lawrence D. Rosenberg, Esq. (Argued)
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001-0000
   -AND-

---

[*]Honorable Katharine S. Hayden, United States District Judge for the District of New Jersey, sitting by designation.

Samuel W. Silver, Esq.
Schnader Harrison Segal & Lewis
1600 Market Street
Suite 3600
Philadelphia, PA 19103

Counsel for Appellant


Mary F. Platt, Esq.  (Argued)
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street
24th Floor
Philadelphia, PA 19109-0000

Counsel for Appellee

_____

OPINION
_____

HAYDEN, District Judge.

Under 28 U.S.C. §1782, foreign litigants may request production of documents that are located in a particular U.S. judicial district for use in foreign litigation. Accordingly, Heraeus Kulzer GmbH ("Heraeus"), a German company that has instituted suit for misappropriation of trade secrets ("the German litigation") against a direct competitor, the Biomet Group,[1] petitioned the District Court for the Eastern District of Pennsylvania for discovery from a non-litigant, Esschem, Inc.  The Court denied the petition and granted Esschem's motion to quash under Federal Rule of Civil Procedure

---

[1] "The Biomet Group" refers to several affiliated European and American entities.  It will be referred to as "Biomet" in this opinion.

("Fed. R. Civ. P.") 45. Based on events that have occurred since this appeal was argued, we will remand to the District Court with directions to grant Heraeus's discovery requests as modified.

## I.

Heraeus manufactures bone cement, which, along with other medical applications, is used extensively in hip joint endoprosthetics. In the early 1970s, Heraeus entered into a distribution agreement with another German company, Merck KGaA ("Merck"), which gave Merck confidential information about Heraeus's product. When Merck entered into a joint venture in 1997 with Biomet, Heraeus, while concerned about the confidentiality of its information, still agreed to supply bone cement to the joint venture because Merck was contractually bound not to disclose its trade secrets to Biomet.

But in 2004, without notice to Heraeus, Merck sold its joint venture shares to Biomet. When Heraeus learned of the sale, it informed Biomet that it would cease delivery of its products. Near the end of August, 2005, Biomet introduced its own bone cements in Europe. According to Heraeus, its product had never been replicated by a competitor. An expert Heraeus hired to analyze Biomet's product ruled out the possibility that the product could have been lawfully reproduced by reverse engineering. The German litigation followed, in which Heraeus is suing Biomet and Merck, among other defendants, for misappropriation of its trade secrets.

Heraeus filed two contemporaneous § 1782 petitions in United States federal courts—the first in the Northern District of Indiana against two Biomet subsidiaries; and

3

the second in the Eastern District of Pennsylvania against Esschem, a specialty chemical company that supplied materials to Biomet for use in manufacturing its bone cement. Both petitions seek discovery of information allegedly crucial to Heraeus's success in the German litigation.

The magistrate judge in Indiana initially granted Heraeus's *ex parte* petition, but later granted Biomet's motion to quash the subpoena and vacate the order. *Kulzer v. Biomet, Inc.*, 09-MC-08, 2009 WL 961229 (N.D. Ind. April 8, 2009). The Indiana district court affirmed. *Kulzer v. Biomet, Inc.*, 09-CV-183, 2009 WL 2058718 (N.D. Ind. July 9, 2009). Heraeus filed an interlocutory appeal in the Seventh Circuit, and also filed another petition with the Indiana magistrate judge modifying the scope of discovery. Heraeus's second petition, which the magistrate judge described as "nearly identical to [the] first application[,]" was denied. *Kulzer v. Biomet*, 09-MC-275, 2009 WL 3642746 (N.D. Ind. October 29, 2009).

In its §1782 petition filed *ex parte* against Esschem in Pennsylvania, Heraeus alleged that Biomet instructed Esschem to manufacture bone cement materials using Heraeus's confidential information and trade secrets. The discovery sought consists of information about the specifications in Esschem's files and any communications between Esschem and Biomet about the materials supplied. The petition included a draft subpoena and limited the scope of disclosure through a proposed protective order barring access to any confidential information produced by Esschem.

Initially, the District Court granted the petition. Then Esschem, whose legal

representation was being paid by Biomet, filed a motion to quash the subpoena, arguing that compliance would be overly burdensome and would require Esschem to disclose its confidential information and trade secrets. Heraeus revised the subpoena in advance of oral argument, and at argument Heraeus offered to impose additional protections, specifically that discovery would be accepted on an outside counsel's eyes only basis, with access denied to experts or legal support personnel; Heraeus proposed as well that before it made any use of the information, it would return to court for leave to use the information overseas.

Heraeus argued that Esschem was "uniquely" in possession of the documents it sought. It represents that German civil procedure does not contain discovery procedures like § 1782, and so the mere allegation of the existence of a document would not be sufficient to convince a German court to issue a subpoena. And even if Heraeus could pinpoint the documents it needed, they are located in the United States and outside Germany's jurisdictional reach. So even a sympathetic German court could not order Esschem, a third party, to produce them. In ruling against Heraeus and granting the motion to quash, the District Court found that the discovery request was "plainly proper" under § 1782, and was not unduly burdensome within the meaning of Rule 45. Nonetheless, in its written opinion the Court reasoned that Heraeus failed to meet the "substantial need" test under Rule 45. The factual underpinning for this analysis was the existing status of Heraeus's efforts in the Northern District of Indiana to get discovery from Biomet – the litigant itself – which was pending on two levels: before the Seventh

Circuit Heraeus was appealing the district court's affirmance of the magistrate judge's ruling against Heraeus on its §1782 petition for discovery as originally framed; and before the Indiana district court Heraeus had filed objections to a subsequent ruling of the magistrate judge denying a narrower discovery request.

These procedural facts had not changed when Heraeus argued before us. Its argument on appeal was that the District Court improperly read into §1782 a requirement that Heraeus exhaust all possible avenues before it would be granted discovery from Esschem, and that the District Court erroneously imposed an inflated "substantial need" standard in its analysis under Rule 45. As such, Heraeus argued that the strong policy considerations that favor granting § 1782 discovery, and the adequacy of the order protecting Esschem's confidential information, required reversal. The legal analysis required to decide the appeal was nuanced: even assuming the information was unavailable through action by the German courts, how critical to the success of Heraeus's showing under §1782 was the pendency of its requests to the federal court with jurisdiction over Biomet, which is, after all, the litigant and in possession of much of the same information?

Very soon after the argument before us, the landscape shifted: the district court in Indiana ruled against Heraeus on its objections and affirmed the magistrate judge. This left only the appeal before the Seventh Circuit of the original ruling against Heraeus's broader discovery requests to Biomet, which had been stayed pending the ruling on the objections. Absent a reversal, Heraeus is denied discovery from Biomet's U.S. entities

6

for use in its German lawsuit.

When we were notified of the status of the §1782 petitions in Indiana, we directed counsel to address two issues: the impact of the decision of the district court in the Indiana litigation; and deadlines, if any, that might be imminent in the German litigation.

**II.**

We review the District Court's decision for abuse of discretion. *Euromepa v. R. Esmerian*, 154 F.3d 24, 27 (2d Cir. 1998). Here the District Court made its decision in a context that has shifted. In anticipation that might happen, the court noted specifically that "Heraeus may present a more compelling circumstance of need if its discovery efforts in Indiana and Germany prove unavailing." Accordingly, our review will be plenary where pertinent factors the district judge relied on have changed.

Section 1782 imposes three fundamental requirements for a discovery subpoena: (1) the person from whom discovery is sought must reside in the district; (2) the discovery must be for use in proceedings before a foreign tribunal; and (3) the application can be made by either the foreign tribunal or by an interested party. *E.g.*, *In re Merck & Co.*, 197 F.R.D. 267, 270 (M.D.N.C. 2000); *Esses v. Hanania (In re Esses)*, 101 F.3d 873, 875 (2d Cir. 1996). "A proceeding includes any proceeding in which an adjudicated function is being exercised or is imminent. An interested person includes a party to the foreign litigation, whether directly or indirectly." *In re Merck*, 197 F.R.D. at 270 (citing *Lancaster Factoring Co., Ltd. v. Mangone*, 90 F.3d 38 (2d Cir. 1996)).

The Supreme Court set out four factors to assist district courts when evaluating a § 1782 petition in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), identified as follows:

1. Whether the discovery sought is within the foreign tribunal's jurisdictional reach, and therefore accessible without seeking the aid of § 1782;

2. The nature of the foreign litigation; the character of the proceedings already underway; and the foreign country's receptivity to court assistance from the U.S.;

3. Whether the § 1782 request conceals "an attempt to circumvent foreign proof-gathering limits" or other policies of the foreign country; and

4. Whether the subpoena includes unduly intrusive or overly burdensome requests.

In re Microsoft Corp., 428 F. Supp. 2d 188, 193 (S.D.N.Y. 2006) (citing *Intel*, 542 U.S. at 264-65). District courts have since followed the Supreme Court's direction in interpreting § 1782 petitions. *See e.g.*, *In re Babcock*, 583 F. Supp. 2d 233 (D. Mass. 2008); *In re Application of Fischer Advanced Composite Components AG*, C08-1512, 2008 WL 5210839 (W.D. Wash. Dec. 11, 2008); *In re Microsoft Corp.*, 428 F. Supp. 2d 188 (S.D.N.Y. 2006).

While a district court is not obliged to evaluate whether the requests in a § 1782 application comply with the foreign country's discovery laws, *In re Letter of Request from Amtsgericht Ingolstadt*, 82 F.3d 590 (4th Cir. 1996), a litigant may not willfully circumvent foreign discovery restrictions. *In re Court of Comm'r of Patents for Republic of South Africa*, 88 F.R.D. 75, 77 (E.D. Pa. 1980). The court must consider whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules; however, that consideration

8

cannot serve as the sole determining factor because the statute does not reference a requirement of discoverability under the foreign country's laws. *Schmitz v. Bernstein, Liebhard & Lifshitz, LLP*, 121 F.3d 77 (2d Cir. 1997).

**III.**

We can quickly address whether most of the *Intel* factors are met here: they are. Heraeus has represented, and Esschem – aside from conclusory arguments – has not effectively disputed the following: German civil procedure does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States; any request to the German court must be for *specific* documents, and without access to Biomet's files, Heraeus cannot pinpoint what it is seeking; and the German court has no jurisdiction over a non-party such as Esschem. Notwithstanding the foregoing curbs on its production capability, the German court does not restrict receipt of the evidence sought and in fact has postponed a hearing scheduled for April 15, 2010 to September 30, 2010, specifically for the purpose of permitting Heraeus extra time to pursue its discovery requests in Indiana and Pennsylvania. Arguably, then, Heraeus has presented a textbook predicate for a successful § 1782 petition, given courts' consistently liberal interpretation of the statute and its objective "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel*, 542 U.S. at 262. Indeed, Heraeus's application to the federal court with jurisdiction over non-party Esschem is arguably more compelling than if it were seeking party discovery. "[N]onparticipants in the foreign proceeding may be outside the foreign

9

tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.

Rather, the dispute boils down to the Supreme Court's cautionary observation in *Intel* that § 1782 "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Id*. at 247. Judicial discretion remains the touchstone, and accordingly the Supreme Court in *Intel* provided general guidance for district judges and, in the matter before it, decided to "leave it to the courts below to ensure an airing adequate to determine what, if any, assistance is appropriate." *Id.* at 266.

We find no abuse of discretion in the District Court's determinations under §1782. As a matter of fact, the court had already issued an order *ex parte* at the time it held the hearing. At issue was Esschem's motion to quash the discovery subpoena, and the court found the primary fact dispute between the parties was whether an "undue burden" was imposed on Esschem.[2] Significantly, the court concluded there was not, particularly because the basis of the dispute had been "significantly tempered by a series of voluntary proposals made by Heraeus with respect to the scope of the discovery that it would initially seek," and in light of the "notable" revelation that Esschem's litigation costs were being paid in full by Biomet.

---

[2] Interestingly, this inquiry dovetails with the fourth *Intel* factor, whether the subpoena includes an unduly intrusive or overly burdensome request. Because of the urgency reflected in the record, we need not examine the import of this overlap, other than to observe the intricacies of discovery disputes entrusted to the magistrate judges and district courts.

10

The District Court found that Esschem had met its burden of demonstrating that the information sought was confidential, supporting the motion to quash under Fed. R. Civ. P. 45(c)(3)(B)(I), and determined that the motion should be granted unless Heraeus showed "substantial need" under Fed. R. Civ. P. 45(c)(3)(B). It was the confluence of apparent discovery sources in the Indiana courts and the German court, where Heraeus had pending requests "serv[ing] the same purpose, and in some cases, seek[ing] the same documemts, as the requests at issue here," that convinced the District Court that "[i]t is not at all clear that Heraeus's need for Esschem's information is substantial. . . ."

Things have changed. We have been advised that for at least the substantial period of time that appellate review of the Indiana district court's discovery rulings will require, Heraeus will not be able to obtain discovery from Biomet's U.S. affiliates. And it may never get the discovery from that source through a § 1782 subpoena. Moreover, we have been advised by Heraeus's response to our post-argument inquiry that the September 30th hearing in Germany – specifically rescheduled so that the discovery sought in these §1782 petitions might be presented – is potentially dispositive. Heraeus claims, and we have no reason to disbelieve, that it will be severely prejudiced if it cannot obtain the evidence it seeks from Esschem before the September 30th hearing. The District Court below was prescient when it made its ruling against Heraeus with the qualifier that the ruling was made "for now," and that "Heraeus may present a more compelling circumstance of need if its discovery efforts in Indiana and Germany prove unavailing." (App. at 13.)

11

That time has arrived. We do not quarrel with the analysis undertaken by the District Court. Applying that analysis to the information before us, we easily find that Heraeus now demonstrates sufficient need for the information sought in the subpoena, and that its discovery efforts in Indiana and Germany are sufficiently "unavailing" to require assistance from the federal courts envisioned under § 1782.[3] We vacate the order quashing the discovery subpoena, and remand to the District Court with instructions to grant discovery on an expedited basis, duly narrowed and accompanied by protective orders as discussed in the District Court's opinion.

---

[3] Just before this Opinion was filed, Heraeus provided the Scheduling Order from the Seventh Circuit directing that briefs be filed on the consolidated appeals from the decisions of the Indiana District Court. Briefing will not be completed until October 1, 2010. Heraeus advises that there is little likelihood that the Seventh Circuit will expedite the appeals, and that Biomet will oppose any request or motion to expedite.